**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **PEDRO ANTONIO MELENDEZ RIVERA,** | § § § § § § | |
| *Petitioner*, | § § | |
| v. | § § | |
| **PAMELA JO BONDI,** Attorney General of the United States; **MARKWAYNE MULLIN,** Secretary of the United States Department of Homeland Security; **TODD LYONS,** Acting Director of U.S. Immigration and Customs Enforcement; **MARY DE ANDA-YBARRA,** Field Office Director of the El Paso Field Office of U.S. Immigration and Customs Enforcement; and **WARDEN**, ERO EL Paso Camp East Montana Detention Center, | § § § § § § § § § § § § § | **EP-25-CV-00646-DCG** |
| *Respondents*. | § § | |

**ORDER FOR PARTIES TO NOTIFY COURT IF**
**GOVERNMENT ORDERS PETITIONER REMOVED**

Pedro Antonio Melendez Rivera ("Petitioner") challenges his detention under 28 U.S.C. § 2241.[1] The docket contains no indication that the Government has issued an order of removal against Petitioner.[2] The Court recognizes, however, that the Government might have issued an order of removal against Petitioner after the parties completed their briefing on the Petition. If so, a different analytical framework may apply.[3] The Court thus depends on the parties to promptly

---

[1] *See generally* Pet., ECF No. 1.

[2] *Compare, e.g.*, Pet. at 18 ("Petitioner is actively in removal proceedings and has not been ordered removed.") *with* Resp., ECF No. 5, at 5 (stating that Petitioner remains in "removal proceedings").

[3] *See Zadvydas*, 533 U.S. at 701.

file a notice if the Government enters an order of removal against Petitioner. Otherwise, the Court will evaluate the Petition under the assumption that no such order exists.

If any party becomes aware that (1) the Government has issued and order of removal against Petitioner; and/or (2) that order of removal has become final,[4] that party **SHALL INFORM** the Court **AS SOON AS POSSIBLE**.

Finally, now that Markwayne Mullin has succeeded Kristi Noem as the Secretary of the Department of Homeland Security, the Court **DIRECTS** the Clerk of Court to **SUBSTITUTE** Secretary Mullin in Former Secretary Noem's place as a Respondent in the above-captioned case.[5]

**So ORDERED and SIGNED this 27th day of March 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[4] *See* 8 C.F.R. § 1241.1 (explaining how "[a]n order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final").

[5] *Compare* Pet. at 6 ("Ms. Noem has ultimate custodial authority over Petitioner and is sued in her official capacity."), *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.  Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").